# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-22393-CIV-TORRES

GWENDOLYN COCHRAN,

      Plaintiff,

vs.

FLORIDA SOLAR AND AIR, INC.,

      Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff Cochran's Motion for Leave to Proceed In Forma Pauperis [D.E. 3, 4], that was filed pro se on May 23, 2025.   The case has been assigned to the undersigned Magistrate Judge for appropriate disposition. [D.E. 2]. Upon consideration of the motion and the supporting financial affidavit and record, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Motion is **DENIED** with leave to renew in compliance with this Order. It also ORDERED that Plaintiff show cause, either in the form of a written response to this Order or through an Amended Complaint, why the action should not be dismissed for lack of subject matter jurisdiction.

2.    Plaintiff's financial affidavit filed as part of the motion may satisfy the economic eligibility requirement of 28 U.S.C. § 1915(a).

3.     But upon review of the pro se complaint, the Court finds that Plaintiff must at this stage show cause why this Court has jurisdiction over the action that warrants in forma pauperis treatment.   Specifically, the face of the complaint purports to allege a constitutional equal protection and due process complaint against a private entity, Florida Solar and Air, Inc., that is a Florida corporation.   The complaint alleges that Defendant received insurance proceeds for a home repair and failed to honor the agreement for services despite payment.   The complaint, however, does not allege that the entity is a governmental entity of any kind, nor any other type of entity that may be sued under 42 U.S.C. § 1983.   Constitutional injuries can be asserted only against entities or persons subject to section 1983 liability.   A fully private entity does not qualify.   *See generally Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citing *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345 (1974); *National Collegiate Athletic Assn. v. Tarkanian,* 488 U.S. 179 (1988); *Blum v. Yaretsky,* 457 U.S. 991 (1982)).

4.     Thus on the face of the complaint the Court cannot deem the claims to be non-frivolous, in order to then grant *in forma pauperis* relief under 28 U.S.C. § 1915.   The Court is required to consider this preliminary question under section 1915, which is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *See, e.g., Nietzke v. Williams,* 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must initially determine whether the litigant is able to pay the costs of commencing the action. 28

U.S.C. § 1915(a).   If so, the court must then determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).   It is this latter inquiry that prevents us from granting immediate relief on the motion at this stage of the case.

5.     In sum, without a showing of cause, either in the form of a written response to this Order or even better an amended complaint that addresses these deficiencies, the Court presently cannot find a basis to exercise jurisdiction under 42 U.S.C. § 1983. And, if that is the case, the motion for *in forma pauperis* treatment can be denied as frivolous under 28 U.S.C. § 1915.

6.     Plaintiff should consider, however, that she may have a right to pursue an action for breach of contract or other contract/tort violations under Florida law, in which case she may refile her complaint in state court, specifically before the Eleventh Judicial Circuit in Miami-Dade County.   She may consult www.flcourts.org for further information on filing such an action.   Additionally, Plaintiff may contact the Florida Bar and seek pro bono assistance through the Bar's Lawyer Referral Service office at 800-342-8011 which may be able to find attorneys with the modest means panel to speak with Plaintiff about pursuing such a claim.

7.     Alternatively, Plaintiff may insist that she proceed with her current complaint but must then submit the required filing fee with the Clerk of the Court in order to prosecute her action in federal court.   For now, the pending motions for *in forma pauperis* treatment are Denied without prejudice.   But failure to comply with

this Order in one way or another may result in ultimate dismissal of the action.

Plaintiff must fully comply with this Order by no later than July 10, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of June, 2025.

/s/    *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge